ENRIQUETA RODRÍGUEZ, ETC., Plaintiff and Appellee, v. PORFIRIO MORALES ASENCIO, Defendant and Appellant.

No. 10228. Argued November 9, 1950. Decided January 19, 1951.

*Arturo Ortiz Toro* and *A. Ramírez Silva* for appellant. *Gutiérrez, Saldaña, Sánchez & Trías,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On June 15, 1939 Enriqueta Rodríguez, as the mother with *patria potestas* over her minor child Eriván Morales Rodríguez, filed in the District Court of San Juan a complaint against Porfirio Morales Asencio alleging, in brief, that the aforesaid minor was a legitimate child of both, born during their marriage which was dissolved in October 1937; that since the date of the divorce the defendant had been giving her $20 monthly for the support of said minor, which amount was insufficient to take care of the necessities of the child; that the defendant had a monthly income of $250 and could afford to give $75 monthly to his son for his support. It ended praying for judgment increasing the amount for support from $20 to $75 monthly.

The defendant answered denying the material pleadings of the complaint and setting up several special defenses not necessary to enumerate here. As a new matter of defense, among others, he alleged that the defendant and the plaintiff, after weighing the necessities of the minor, agreed that the former would give indefinitely to the latter the sum of $20 monthly for the support of their child, considering that said amount was sufficient to support him well.

The defendant, upon answering the complaint, moved for the removal of the cause to the District Court of Mayagüez.

Said motion having been overruled, he appealed to this Court from the order denying the removal. On December 8, 1939 this Court reversed said order and remanded the case to the District Court of San Juan for further proceedings. *Rodríguez* v. *Morales*, 55 P.R.R. 721.[1] Neither the plaintiff nor the defendant prosecuted further the action since this Court remanded the case to that court on said date.

On January 17, 1949 the plaintiff asked the Court for the Judicial District of San Juan to order that the record be sent to the District Court of Mayagüez pursuant to the decision of this Court in *Rodríguez* v. *Morales, supra*. This was done on February 14, 1949. On the 25th of said month the plaintiff requested the District Court of Mayagüez to enter judgment pursuant to law granting the complaint and ordering the defendant to give to his minor son the amount of $75 monthly by way of support and to pay the costs, and fees of plaintiff's attorney, with any other pronouncement in law. On May 23 of that same year the defendant moved said court to dismiss the action, which motion, as well as the reconsideration thereof, were overruled, the corresponding trial having been held on August 4, 1949. As a consequence, on September 15 next the court entered judgment increasing the amount for support of the aforesaid minor from $20 to $60 monthly, to be paid monthly in advance from the date of the judgment, and also ordered the defendant to pay to the plaintiff, for their child's benefit, the sum of $2,350 as monthly instalments for support left unpaid from December 1939 until the date of the judgment at the rate of $20 monthly previously agreed to between the plaintiff and the defendant. The latter was ordered to pay the costs and $300 for attorney's fees.

---

[1] It is unnecessary to mention the proceedings had in the District Court of San Juan pending the appeal from the order denying the removal, for they lacked validity and were annulled by virtue of the reversal by this Court of the order denying the removal.

The defendant, feeling aggrieved with the pronouncement of the judgment ordering him to pay the amounts for support which he had failed to pay since December 1939, appealed to this Court exclusively with respect to said point.

 In his assignment of errors the appellant contends in the first place that the lower court erred in overruling the motion to dismiss which he filed in the District Court of Mayagüez. He cites Rule 3 of the Rules for the District Courts.[2] Said Rule, however, is applicable by its own terms to those ordinary civil actions subject to a regular calendar and not to those special proceedings which need not wait for a general calendar to be set. But, as correctly pointed out by the attorneys for the appellee in their brief, even assuming that said Rule were applicable to actions of the nature of the present one, here there was no notice whatsoever to the parties, as expressly required by said Rule, which notification is indispensable in order that the court could order *motu proprio* the dismissal of said action. *West India Oil Co.* v. *Tobacco Trade Journal*, 52 P.R.R. 47; *Felices* v. *P. R. Iron Works*, 52 P.R.R. 173. Finally, the aforesaid Rule 3, which is nothing more than a regulation of the exercise of the inherent power of the courts to order the dismissal of an action for want of prosecution, is not mandatory and requires, in order to exercise such power, that the court comply with the requisite established therein when, due to the negligence of the parties, no progress has been made for a year or more. This is the requisite of the 5-day previous notice to the parties. This requisite was not complied with nor could it have been complied with by the District Court of Mayagüez to which the action was removed on February 14, 1949.

---

[2] Said Rule provides:

"At the calling of the calendar at each regular term, the court, *motu proprio* and by previously notifying the parties at least five days before, may order the dismissal of any pending action, suit or proceeding wherein no progress has been made in their prosecution and entry thereof made in the record, for one year or more, due to the negligence of the parties, unless such delay is opportunely justified to the satisfaction of the Court."

In Puerto Rico, unlike other jurisdictions, there is no statute at all providing for the extinguishment of an action for abandonment after the complaint is filed. In California, for example, § 583 of the Code of Civil Procedure, embodied in said Code in 1905, authorizes the courts, in their discretion and on motion of the defendant, to dismiss a complaint if it has not been brought to trial within two years after having been filed; providing likewise that the court shall dismiss every complaint which is not brought to trial within five years from the date of the filing thereof. Since there is no statutory provision rendering mandatory the dismissal for abandonment of pending actions, and since the prerequisite established by Rule 3 of the Rules for the District Courts was not complied with, we can not agree with the appellant that the lower court erred in not ordering the dismissal of the action.

██ In the second assignment the appellant claims that the trial court erred in ordering the defendant to pay the overdue amounts for support at the rate of $20 monthly for the period from December 1939 to September 1949 on the basis of a request for the increase of the payment for support. He cites in his support *Benítez* v. *Benítez*, 64 P.R.R. 720, maintaining that the ordinary action for collection of money is the proper action to claim payments overdue since the granting of due and outstanding payments for support can not be conceived within the summary proceeding utilized by the plaintiff. He further suggests that plaintiff's motion of January 17, 1949 praying the District Court of San Juan for the removal of the action to the District Court of Mayagüez is equivalent to the claim for support mentioned in § 147 of our Civil Code.[3] But the difficulty

---

[3] Said Section provides:

"The obligation to support may be claimed from the time the person having a right thereto shall require such support; but it shall not begin until the date on which a petition therefor is made.

"Payments for support shall be made monthly, in advance, and when the person receiving the same dies, his heirs shall not be required to return any sum that may have been paid in advance."

with appellant's argument is that although the complaint filed on June 14, 1939 was intended to increase the monthly amount for support previously agreed to between the parties from $20 to $75, the fact is that said complaint constitutes a claim to the effect that the amount for support be fixed at $75 from the date such complaint was filed; and although the increase to $60 ordered on September 15, 1949 was effective from the latter date, the lower court was empowered to order that any amounts for support left unpaid by the defendant during the time that the action was pending, be paid by the defendant. In doing this and taking as a measure therefor the sum of $20 monthly previously agreed to between plaintiff and defendant by an extrajudicial agreement, the court approved such agreement, incorporating it to its judicial decree. The lower court acted correctly, for the complaint filed June 14, 1939 was the first judicial step taken by the plaintiff towards claiming support for the minor, and the latter was entitled to receive such payments from the date the complaint was filed. Since there existed the previous extrajudicial agreement fixing said sum at $20 monthly, the court relied thereon, giving it judicial approval, and ordering the payment of the amounts which the defendant had failed to pay thereunder.

Unquestionably, pursuant to our decisions in *Benítez* v. *Benítez, supra*, and *Nevares* v. *Delgado*, 63 P.R.R. 618, an ordinary civil action could have been brought for collection of money to obtain the payment of the amounts for support which the defendant had failed to pay. But there is nothing in said decisions nor in the law, precluding a court—after an action to increase the amount for support has been instituted—from incidentally ordering the payment of those amounts which, after the action was brought, the defendant has failed to pay, regardless of whether the amount sought to be increased has been previously fixed by judicial decree or whether it has previously been extrajudicially agreed to as here. It is proper for the same court determining the

right of a minor to a larger sum for support, to enforce the right of said minor to the amounts for support unpaid since the judicial proceeding was instituted, without imposing on him the burden of necessarily having to resort to a plenary suit. To decide the contrary would be to encourage, contrary to the modern procedural tendency, a multiplicity of suits among the same parties because of mere procedural technicalities which do not warrant, in this kind of actions, any further prejudice to a minor to whom his father, after having acknowledged his necessity to support, failed to provide the sum agreed upon to take care of such necessities. The second error assigned was not committed.

■ Neither was the third error committed for § 1866 of the Civil Code, cited by the appellant, which provides that among others, the action to demand the fulfillment of the obligation to pay support prescribes in five years, is not applicable to the case at bar, for the defendant failed to pay those amounts after the plaintiff had brought her action.

The judgment will be affirmed.

Mr. Justice Snyder did not participate herein.

Mr. Justice Marrero took no part in the consideration or decision of this case.